AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Wisconsin



CLERK'S OFFICE
A TRUE COPY
Apr 25, 2025
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Tommie L. Cole (DOB:xx/xx/1981) | ) | Case No. 25-M-398 (SCD) |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __August 18, 2024__ in the county of __Milwaukee__ in the __Eastern__ District of __Wisconsin__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1), (b)(1)(B) | Possession with the intent to distribute 40 grams or more of fentanyl |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

West Allis Detective Nick T. Stachula
*Printed name and title*

Sworn via telephone; transmitted via email pursuant to Fed. R. Crim. 4.1

Date: 4-25-25

_____
*Judge's signature*

City and state: Milwaukee, Wisconsin

Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Nick Stachula, being first duly sworn, hereby depose and state as follows:

I. **INTRODUCTION AND AGENT BACKGROUND**

I, Detective Nick Stachula, being first duly sworn, hereby depose and state as follows:

1. I am a Detective with the West Allis Police Department, Special Investigations Unit and I have approximately 24 years of law enforcement experience. I have specialized training and experience in narcotics smuggling and distribution investigations. During my law enforcement career, I have participated in numerous narcotics investigations and have authored numerous affidavits supporting criminal complaints and search and seizure warrants. I have debriefed multiple defendants, informants and witnesses who had personal knowledge regarding major narcotics trafficking organizations. I am familiar with narcotics traffickers' methods of operation including communications via Facebook messenger, cellular telephone/smart phone applications, text messaging services, and other traditional forms of communications. I am further familiar with narcotics traffickers' methods including distribution, storage, importation, and transportation of narcotics, the collection of money which represents the proceeds of narcotics trafficking and money laundering. In the course of my work, I have become knowledgeable with the enforcement of federal laws pertaining to narcotics and dangerous drugs. I have participated in drug trafficking investigations conducted by the Wisconsin Department of Justice, Division of Criminal Investigations (DCI), HSI, the Drug Enforcement Administration (DEA), Federal Bureau of Investigation (FBI), the United States Postal Service (USPS) and other law enforcement agencies, which resulted in the arrest of subjects, and the seizure of property, assets, and controlled substances. I was previously a DEA Task Force Officer, and a member of the North Central High Intensity Drug Trafficking Area (HIDTA) Task Force assigned to the

drug gang task force as an investigator specializing in the smuggling, trafficking, and distribution of dangerous and controlled substances. I am familiar with various methods of smuggling and trafficking narcotics and other controlled substances and the proceeds from sale of such substances. I am also familiar with methods used to evade detection of both the controlled substances and the proceeds from their sale that are used by drug traffickers.

2. The statements in this affidavit are based on my personal knowledge, and on information I have received from other law enforcement personnel and from persons with knowledge regarding relevant facts. Because this affidavit is being submitted for the limited purpose of securing search warrants, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that the defendant possessed a controlled substance with the intent to distribute it.

3. On August 18, 2024, the West Allis Police Department conducted a traffic stop in West Allis of a white Toyota Camry driven by Tommie L. Cole. Tommie Cole was on federal supervised release at the time of the stop. Cole was previously convicted of federal firearms and drug conspiracy charges. The Toyota Camry had expired license plates at the time of the traffic stop. Officers could smell the odor of burn marijuana coming from the vehicle and observed small pieces of a white chunky substance on the floorboards which appeared consistent with cocaine. A search of the vehicle recovered a small amount of cocaine from the floorboards and 8 Oxycodone pills from inside the vehicle. Tommie Cole was arrested at that time and taken into custody and transported to the West Allis Police station.

4. Once transported to the West Allis police station officers searched Cole's clothing and person. Law enforcement recovered approximately 116 grams of fentanyl from Cole's

jeans. The fentanyl was submitted to a field test which confirmed it was fentanyl. In addition, officers also recovered approximately 1.02 grams of heroin from the briefs of Tommie Cole. The heroin was field tested and tested positive for heroin.